UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CHRISTINA K. SCOTT,                     )
                                        )
                 Plaintiff,             )
                                        )
          v.                            )     No. 1:26-cv-01111-JRO-MJD
                                        )
QUALITY CORRECTIONAL CARE,              )
                                        )
                 Defendant.             )

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
SCREENING COMPLAINT**

This matter is before the Court on *pro se* Plaintiff Christina K. Scott's Motion for Leave to Proceed *In Forma Pauperis.* Dkt. [2]. Plaintiff initiated this action against Defendant Quality Correctional Care, alleging employment discrimination. Dkt. 1 at 5. Because the Court **GRANTS** the motion to proceed *in forma pauperis*, this action is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons below, the Court dismisses some claims and allows others to proceed.

**I. IN FORMA PAUPERIS STATUS**

The Court may authorize a plaintiff to file a lawsuit "without prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that he lacks the assets to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Plaintiff's motion, dkt. [2], meets this standard and is **GRANTED** accordingly.

While *in forma pauperis* status allows a plaintiff to proceed without pre-paying the filing fee, the plaintiff remains liable for the full fees. "[A]ll § 1915(a) does for any litigant is excuse the *pre*-payment of fees. Unsuccessful litigants are

liable for fees and costs and must pay when they are able." *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997)). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due at this time, but the $350.00 balance remains due and owing.

## II. SCREENING STANDARD

When a plaintiff is granted *in forma pauperis* status, the Court has an obligation to ensure the complaint is legally sufficient. 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. *Id.* Dismissal under § 1915 is an exercise of this Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "taking all well-pleaded allegations of the complaint as true and viewing them in the light most favorable to the plaintiff." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (quoting *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010)). To survive dismissal, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because a defendant must have "fair notice of what . . . the claim is and the grounds upon which it rests," it is not enough for a plaintiff to say that he has been illegally harmed. *Twombly*, 550 U.S. at 555. Rather, he must set forth a "short and plain statement" of facts in his

2

complaint such that the Court can infer the ways in which the named defendant could be held liable for the harm alleged.  Fed. R. Civ. P. 8(a)(2).

*Pro se* complaints, like Plaintiff's, are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Arnett*, 658 F.3d at 751.  Nevertheless, any plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

### III.  THE COMPLAINT

The Court accepts Plaintiff's factual allegations as true at the pleading stage but not her legal conclusions.  *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)).

While employed with Quality Correctional Care ("QCC"), Scott was "repeatedly harassed" by jail staff, terrorized by jail officers, and subjected to "pervasive harassment."  These incidents were reported numerous times to numerous leaders in QCC.  Certain QCC employees harassed Scott regarding her disability (a visible vision impairment,) her age (approximately 45 years old), and her general appearance.  These incidents were reported.  Despite these reports, the individuals who made the negative comments were promoted into supervisory roles over Scott.  She reported the harassment, and afterward she experienced retaliation. Dkt. 1 at 5.  Scott experienced these incidents in 2023, 2024, and 2025. *Id.* at 4.

Scott asserts claims under the Age Discrimination in Employment Act of 1967 and the Americans with Disabilities Act of 1990. She specifically asserts "[u]nequal terms and conditions of . . . employment," "retaliation," and "[failure to address harassment."

## IV. DISCUSSION

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Scott has identified the theories she wishes to use: claims the Age Discrimination in Employment Act ("ADEA") and Americans with Disabilities Act ("ADA"). Where a *pro se* litigant has expressly stated the legal theories she wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Off. of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606–07 (7th Cir. 2009)).

Applying the screening standard to the facts alleged in the complaint, some claims must be dismissed for failure to state a claim upon which relief may be granted while others may proceed.

To succeed on an ADA claim, an employee must show three elements: (1) she is disabled; (2) she is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) her disability caused the adverse employment action. *Igasaki v. Illinois Dep't of Fin. & Pro. Regul.*, 988 F.3d 948, 961 (7th Cir. 2021) (citing *Stelter v. Wis. Physicians Serv. Ins. Corp.*, 950 F.3d 488, 490 (7th Cir. 2020)). Likewise, under the ADEA, the "plaintiff must prove that, but for [her] age, the adverse action would not have occurred." *McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 367 (7th

4

Cir. 2019) (quoting *Wrolstad v. Cuna Mut. Ins. Soc'y,* 911 F.3d 450, 454 (7th Cir. 2018)).   First, Scott's claims of discrimination based on unequal terms of employment must be **DISMISSED**.  She does not provide any information about her terms of employment—such as pay, benefits, or hours—or allege that they differed from others employed by QCC.  Defendant is left to guess what adverse employment action occurred.  There is simply not enough here to give the defendant notice of the grounds on which Scott's unequal terms of employment claim rests.

Second, Scott's claims for retaliation under the ADA and ADEA must be dismissed.  Scott alleges that she "experienced retaliation" after she reported the harassment. Dkt. 1 at 5.   But she does not provide any facts that would allow the defendant to know what adverse actions employees took against her that formed this retaliation.   For example, she does not say she was demoted or terminated from employment because she reported incidents of harassment.  In other words, her allegations regarding retaliation are conclusory, and the Court does not credit legal conclusions when screening a complaint.  *See Iqbal,* 556 U.S. at 678.  Scott's retaliation claims are **DISMISSED**.

However, the Court also interprets Scott's allegations that QCC failed to address harassment as a claim for hostile work environment under the ADA and ADEA.   While Scott does not provide much detail on this harassment, the Court applies a less stringent standard to *pro se* pleadings.  Under this standard, Scott's claims for hostile work environment under the ADA and ADEA **shall PROCEED**.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Scott believes that additional

claims were alleged in the complaint, but not identified by the Court, she shall have through **July 25, 2026**, in which to file a motion to reconsider the screening order.

### V. CONCLUSION

For these reasons, Scott's Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED.** Dkt. [2]. The following claims are proceeding in this action: a hostile work environment claim under the ADA against Quality Correctional Care and a hostile work environment claim under the ADEA against Quality Correctional Care.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 6/30/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

6

Distribution:

CHRISTINA K. SCOTT
408 W. Center St.
Sedalia, IN 46067

QUALITY CORRECTIONAL CARE
12900 N Meridian St.
Ste. #K10
Carmel, IN 46032